[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULINGS ON POST-TRIAL MOTIONS
This is an uninsured motorist action tried to a jury. The jury returned a verdict in the amount of $6,900 in economic damages and $75,000 in noneconomic damages in favor of the plaintiff Clayton Fagan and $2523 in economic damages and $7,500 in noneconomic damages in favor of the plaintiff Mattie Fagan. The defendant Amex has filed and argued four post-trial motions.
1. Motion regarding collateral source payment and motion for set-off. These motions reportedly have been resolved by agreement. The verdict as to each plaintiff will be reduced by the amount of $5,000, which is the amount which the defendant has already paid to each plaintiff.
2. Motion for remittitur. The defendant claims that the verdict is excessive and ought to be set aside, unless the plaintiffs agree to a remittitur. The claim is that the amount of $75,000 in noneconomic losses in favor of the plaintiff Clayton Fagan is shocking to the conscience. See, e.g., Mather v. GriffenHospital, 207 Conn. 125, 138 (1988). There was evidence on which the jury could have found that Fagan had a life expectancy of 23 years. Because of injuries to his lower back, neck and shoulder, he couldn't work for a number of weeks. He has had a number of activities limited by the injuries. He was assigned a 10% permanent partial disability of the lumbar spine. I do not find that the verdict is shocking to the conscience. The motion is denied.
3. Motion for judgment notwithstanding the verdict. The defendant Amex claims that the plaintiff did not produce sufficient evidence on the issue of whether the owner and operator of the allegedly uninsured vehicle were in fact uninsured. It is not disputed that the accident occurred on the Cross Bronx Expressway in New York on November 27, 1994. The owner of the other vehicle was, according to the police report, one Mathias, and the operator was one Tejada. There was evidence that the operator, Tejada, had been insured by National Consumer, but that policy was terminated on November 12, 1994, fifteen days before the accident. There was evidence that the automobile had been insured through its owner by Travelers, and evidence was introduced by a Travelers representative that that coverage had been terminated in 1993. Additionally, certified records from New Jersey, Tejada's state of residence at least shortly before the accident, were introduced to show that no other insurance appeared in the records. Neither Mathias nor Tejada were available to testify and both, it seems, were not cooperative CT Page 1545 with efforts to procure insurance information. All of the direct leads provided by the insurance information available on the police report were exhausted, and apparently neither side was able to find any applicable insurance.
In Connecticut, the plaintiff in an uninsured motorist action has the burden to show that the putative tortfeasor is uninsured[1]. Williams v. State Farm, 229 Conn. 359, 367
(1994). The issue presented is whether the finder of fact could logically find, on the evidence presented, that the torteasor was not insured at the time of the accident. The jury of course is entitled to draw all reasonable inferences from the evidence presented, and this issue will be resolved by interpreting the evidence most favorably to the nonmoving party.[2]
On the evidence presented, I find that the jury's conclusion was reasonable, if far from compelled. The plaintiff did not foreclose every possibility. Given the facts, presumably believed by the jury, that the insurance information provided to the police officer at the time of the accident turned out to be inaccurate (and Tejada, at least, was present at the scene), the two leads which were presented turned up no evidence of insurance in effect at the time of the accident, and the New Jersey Insurance Commission records revealed no operative insurance for the driver, the jury's conclusion that more likely than not the other vehicle was an uninsured motor vehicle was not unreasonable. Although other possibilities of insurance existed, the jury was not unreasonable in concluding, presumably, that such other possibilities were not very probable. It is of some significance that the insurance information which was provided at the scene of the accident had at one time been accurate, but coverage had lapsed shortly before the accident.
The motion for judgment notwithstanding the verdict is denied. In light of the set-off judgment may enter in the total amount of $81,923.00.
Beach, J.